# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1453 | **DATE** | 5/22/12 |
| **CASE TITLE** | Edwin M. Pirela (#145456) vs. Alfred Bigelow | | |

**DOCKET ENTRY TEXT**

Petitioner's motion to file his petition *in forma pauperis* [6] is granted. His motion responding to the Court's show cause order [7] is denied. The Court dismisses the petition as untimely under 28 U.S.C. § 2244(d). This case is closed. The Court declines to issue a certificate of appealability ("COA") and, if Petitioner seeks to appeal this decision, he must seek a COA from the Seventh Circuit.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Petitioner Edwin Pirela, an inmate incarcerated at Central Utah Correctional Center, has submitted a completed *in forma pauperis* application and has responded to this Court's order for him to show cause why his petition should not be dismissed as untimely. Petitioner's IFP application indicates that he cannot pay the $5.00 filing fee, and the Court grants his request to file his petition IFP. However, review of his response to the show cause order and his petition for habeas corpus relief under 28 U.S.C. § 2254 confirms that the petition is untimely.

Petitioner challenges his Kane County, Illinois 1988 guilty-plea conviction for sexual assault. (Kane County Circuit Court No. 88 CF 90). He pleaded guilty and was sentenced for his Illinois offense in 1988 and his petition for leave to appeal was denied by the Illinois Supreme Court on October 5, 1989. See *People v. Pirela*, No. 69109, 545 N.E.2d 125 (Ill. Oct. 5, 1989). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), unless a petition is based upon a new rule of constitutional law or newly discovered evidence (which Petitioner's petition is not), or unless the petitioner was prevented from filing due to an unconstitutional state-created impediment, a prisoner has one year from the date his conviction became final by direct review to file a § 2254 petition. 28 U.S.C. § 2244(d)(1). For convictions that became final prior to the AEDPA's effective date of April 24, 1996 (like Petitioner's), the petition must be filed by April 23, 1997. *Graham v. Borgen*, 483 F.3d 475, 478 (7th Cir. 2007).

Petitioner filed the instant petition in February 2012, twenty-two years after his conviction became final and almost fifteen years after his § 2254 petition was due. Petitioner indicates that there was a ruling in 2002 (presumably on a post-conviction proceeding) (see Pet. at 4); however, even beginning the one-year limitations period from this date, the current petition is several years too late.

In his response to this Court's show-cause order, Petitioner states that "there is no law library or complete assistance of a strategic nature by the contract attorneys assigned to the State of Utah Prison system. I am filing blindly." (Doc. #7, Pet.'s Response at 1.) Such a condition (assuming it is true), however, neither satisfies the statutory tolling provision of § 2244(d)(1)(B) nor constitutes equitable tolling.

Section 2244(d)(1)(B) allows a petitioner to "file a habeas corpus petition within one year from 'the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.'" *Lloyd v. Van*

# STATEMENT

*Natta*, 296 F.3d 630, 632-33 (7th Cir. 2002) (quoting 28 U.S.C. § 2244(d)(1)(B)); see also *Moore v. Battaglia*, 476 F.3d 504, 506-07 (7th Cir. 2007). Although the Seventh Circuit has yet to define "impediment" for purposes of this subsection, it has emphasized that "the plain language of the statute makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition." *Lloyd*, 296 F.3d at 633 (emphasis in original); *U.S. ex rel. Reynolds v. Davis*, 2010 WL 4340260 at *2 -3 (N.D. Ill. Oct. 22, 2010) (St. Eve, J.) (quoting *Lloyd*, 296 F.3d at 633); see also *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (in the context of a 42 U.S.C. § 1983 claim of denial of access to the courts, there is no freestanding right to a prison library, and a prisoner must demonstrate more than simply no access to a library; he must demonstrate that such a condition hindered his ability to file his claim).

In this case, Petitioner cannot establish that the lack of a prison library prevented him from timely filing his petition. A search on the U.S. Party Index and PACER website shows that between 1998 to present, Petitioner filed nine other suits in federal courts, two of which were § 2254 petitions in 2007 and 2008. See *Pirela v. Friel*, No. 2:07-CV-208 (D. Utah) (Stewart, J.) and *Pirela v. Carver*, No. 2:08-CV-651 (D. Utah) (Stewart, J.). Even if this Court sought to determine the adequacy of libraries within Utah's prisons, see *Moore*, 476 F.3d at 508 (Seventh Circuit remanded case for development of record as to whether prison library had copy of § 2244), such a determination would not matter given that it is clear that Petitioner had the ability to file his petition earlier. The statutory tolling provision of § 2244(d)(1)(B) thus does not apply.

For similar reasons, equitable tolling also is inapplicable. In order for equitable tolling to apply, "a petitioner must demonstrate, first, that extraordinary circumstances outside of his control and through no fault of his own prevented him from timely filing his petition * * * Second, he must also show that he has diligently pursued his claim, despite the obstacle." *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008) (citations omitted). Petitioner's numerous other filings during the ten years prior to his filing of the instant petition demonstrate both that he was not prevented from filing his petition and that he was not diligent with pursuing his claims.

Accordingly, for the above stated reasons, the Court dismisses Petitioner's § 2254 petition as time-barred. See 28 U.S.C. § 2244(d); Rule 4 of the Rules Governing Section 2254 Cases. The Court further denies Petitioner a certificate of appealability (COA) upon finding that no reasonable jurist would debate the correctness of dismissing Petitioner's petition as untimely. See Rule 11, Rules Governing Section 2254 Cases; see *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This case is closed.